## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER SOLANO, PH.D., | Civil Action No. 24-1542 |
| Plaintiff, | |
| vs. | |
| SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA and HOLLY McCOY, | |
| Defendant. | |

### COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff, Roger Solano, Ph.D. ("Dr. Solano" or "Plaintiff"), by and through undersigned counsel, and files this Complaint in Civil Action, stating as follows:

### I. PARTIES

1. Dr. Solano is an adult individual living in Allegheny County, Pennsylvania.

2. Defendant Slippery Rock University of Pennsylvania ("SRU") is a state-owned institution of higher education with its primary place of business at 1 Morrow Way, Slippery Rock, Pennsylvania 16057.

3. Defendant Holly McCoy ("Ms. McCoy") is an individual with her primary place of business at 1 Morrow Way, Slippery Rock, Pennsylvania 16057.

### II. JURISDICTION

4. The jurisdiction of this Court over the matters set forth in this Complaint is founded upon 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

### III. VENUE

5. The events related in this Complaint occurred in Butler County, Pennsylvania, in the Western District of Pennsylvania; therefore, venue is appropriate in this Court.

## IV.  ADMINISTRATIVE EXHAUSTION

6. Dr. Solano filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") in February 2024.

7. The aforementioned complaint was docketed at 533-2024-01080 and raised claims for retaliation and discrimination on the basis of sex, sexual orientation, national origin, and disability.

8. The aforementioned charge was cross-filed with the Pennsylvania Human Relations Commission ("PRHC").

9. On August 20, 2024, the EEOC issued a "Right to Sue" notice and, therefore, Dr. Solano's federal claims are ripe for adjudication.

10. Per letter dated October 21, 2024, the PHRC indicated that it would be closing out its investigation into Dr. Solano's complaint and, therefore, his claims under Pennsylvania law are ripe for adjudication.

## V.  FACTS

11. Dr. Solano is currently employed by SRU as chair of the Department of Management; during the time relevant to this Complaint he was the chair of the SRU Department of Management and Marketing ("Management and Marketing Department").

12. Ms. McCoy is currently the Director of Human Resources at SRU and, as such, has oversight over the internal grievance process.

13. Dr. Solano holds a Ph.D. in industrial engineering from the New Jersey Institute of Technology.

14. Dr. Solano, who was born in Venezuela, is Hispanic.

15. While fluent in English, Dr. Solano's native language is Spanish, and it takes him longer than others to respond to written queries in English.

16. Dr. Solano is also openly homosexual.

17. Since 2020 Dr. Solano has been treated for generalized anxiety disorder, attention deficit hyperactivity disorder, and insomnia, all of which were exacerbated by his treatment at SRU.

18. Dr. Solano has worked at SRU since 2009, and he has served as chair of the Management and Marketing Department since May 2019.

19. Since 2011, Jeananne Nicholls ("Dr. Nicholls") has taught in the Management and Marketing Department.

20. Dr. Solano was a candidate to serve as Chair of the Management and Marketing Department, and he was elected Chair in part because the faculty favored his strategic vision for the Department.

21. As a voting member of the Department Dr. Nicholls has input over hiring decisions within the Management and Marketing Department, and as such holds significant influence over departmental personnel and staffing decisions.

22. Dr. Nicholls was the Chair of the Departmental Promotion Committee (2023-24) and was a member and the former Chair of the University Promotion Committee.

23. Dr. Nicholls has also been a member of SRU's APSCUF Executive Committee since 2018.

24. Since Dr. Solano became Chair in 2019, Dr. Nicholls has criticized nearly every decision made by Dr. Solano, including decisions related to menial and trivial matters.

25. Other faculty and administrators at SRU noticed the strained relationship between

Dr. Solano and Dr. Nicholls.

26. In the first 15 weeks after Dr. Solano was elected as Department Chair, Dr. Nicholls filed no fewer than 14 complaints against him.

27. Dr. Solano raised complaints with the SRU Human Resources Department that Dr. Nicholls's behavior was adversely affecting both him and the Department as a whole.

28. For example, in 2022, Dr. Nicholls challenged Dr. Solano's decision to allow one of his advisees to enroll in a particular course section; this decision did not involve Dr. Nicholls and there was no reason for her to criticize Dr. Solano's decision.

29. In another instance, Dr. Nicholls accused Dr. Solano of blocking a curriculum change.

30. This accusation was spurious and false: Dr. Solano did not even attend the faculty meeting during which the curricular change was discussed.

31. In yet another instance, Dr. Nicholls complained that Dr. Solano did not appoint her to the Faculty Mentoring Committee, even though she did not want to serve on that committee.

32. Dr. Nicholls did not express similar criticism of Dr. Solano's predecessors as Departmental Chair, who were all non-Hispanic and were heterosexual.

33. Dr. Nicholls routinely would send long, rambling emails to Dr. Solano challenging even his most mundane decisions and raising frivolous challenges with the Dean of the SRU College of Business.

34. Dr. Solano attempted to respond to transactional emails with simple "yes or no" answers, but Dr. Nicholls demanded that he provide her with in depth explanations for his decisions.

35. As Chair, Dr. Solano is required to make numerous decisions regarding the

Department, and he is under no obligation to provide a detailed rationale to any faculty member upon demand.

36. At no time was Dr. Solano ever counseled that he was mismanaging the Department or doing anything wrong.

37. Dr. Nicholls's accusations against Dr. Solano veered into the bizarre: on one occasion she accused him of discriminating against a faculty member in another department.

38. These accusations have not been supported by evidence.

39. SRU knew or should have known that these complaints were frivolous, harassing, and/or discriminatory yet were complicit in allowing them to persist.

40. Dr. Solano's physicians noted the adverse effects that the negative treatment and scrutiny were having on his health.

41. In October 2022, Dr. Nicholls falsely filed an administrative complaint against SRU and Dr. Solano with the EEOC, which was a thinly veiled anti-gay attack.

42. Specifically, Dr. Nicholls scurrilously alleged that Dr. Solano gave preferential treatment to younger, male faculty with respect to scheduling, which was also a thinly veiled anti-gay attack.

43. As Chair, Dr. Solano is responsible for course scheduling in the Management and Marketing Department.

44. After preparing an initial course schedule, Dr. Solano submits the initial schedule to the office of the Dean of the SRU School of Business for review and approval.

45. The ultimate approval of the course schedule lies with the University Provost.

46. The scheduling process prioritizes student needs over those of the faculty and

requires communication between the Departmental Chair, Dr. Solano, and the Dean of the College of Business.

47. Dr. Nicholls's complaints were baseless, and the EEOC closed out its investigation by issuing a "Right to Sue" notice.

48. Dr. Nicholls also filed internal complaints and grievances against Dr. Solano; these also were dismissed as unfounded.

49. Dr. Nicholls even questioned an error made on a travel reimbursement by Dr. Solano's secretary.

50. Dr. Solano and his secretary were in the process of investigating this discrepancy when Dr. Solano had a medical emergency that necessitated surgery while his secretary's mother passed away.

51. The aforementioned investigation was completed by another SRU administrator who found that Dr. Solano did not commit any malfeasance; nevertheless, this explanation did not satisfy Dr. Nicholls nor end her efforts to persecute Dr. Solano.

52. Many of Dr. Nicholls's complaints were based on falsehood and exaggeration: for instance, she overstated the number of students enrolled in her classes.

53. During his time as Departmental Chair, no faculty member other than Dr. Nicholls has made any complaints against Dr. Solano.

54. Dr. Nicholls indicated publically that she does not trust Dr. Solano.

55. Dr. Nicholls circulated spurious rumors that Dr. Solano made inappropriate comments at work, including inappropriate comments about women.

56. Dr. Nicholls also has criticized Dr. Solano for not automatically acquiescing to her

demands to be allowed to teach remotely.

57. SRU did nothing to address Dr. Solano's reputation loss or to sanction or control Dr. Nicholls.

58. On October 12, 2023, Ms. McCoy wrote to Dr. Solano and informed him that the investigation into Dr. Nicholls's most recent complaint had been concluded with a finding that Dr. Solano did not violate SRU's Harassment and Discrimination Policy.

59. The constant scrutiny placed on Dr. Solano by Dr. Nicholls has had a negative impact on his health.

60. Dr. Solano has experienced multiple panic attacks, and he is being treated for anxiety and depression.

61. Dr. Nicholls's constant barrage of criticism and complaints towards Dr. Solano has created a hostile work environment which SRU has enabled and fostered.

62. The hostile work environment is ongoing.

63. Dr. Nicholls's criticism has been reserved to Dr. Solano, and she has not similarly scrutinized prior departmental chairs who were heterosexual, non-Hispanic, and/or non-disabled.

64. The hostile work environment constitutes an adverse employment action/treatment.

65. SRU administrators–including Ms. McCoy–were aware or should have been aware of the fact that Dr. Nicholls's complaints were baseless yet still used them as a basis to conduct frivolous investigations into Dr. Solano's conduct.

66. On February 1, 2024, Dr. Solano was one of two candidates for the Chair of the newly merged Management Department.

67. The voting was scheduled to close at midnight on February 1, 2024; four hours before

the vote was scheduled to close, SRU cancelled the election based on unfounded and false claims that the ballots were not secret.

68. During the Spring 2024, Dr. Solano was teaching some of his courses online; at the time he had a partial load so as to accommodate his responsibilities as Department Chair.

69. Dr. Solano has been subjected to adverse treatment on account of his sexual orientation, race/national origin, and disability.

70. SRU and Ms. McCoy know that a hostile work environment exists against Dr. Solano, have fostered it, and have done nothing to curtail it.

71. Dr. Solano was subjected to an adverse employment action on the basis of his national origin, sex, sexual orientation, and disability.

72. Dr. Solano's disabilities were not accommodated.

73. Dr. Solano demands a jury trial.

## VI.  COUNTS

### COUNT I: DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN
### VIOLATION OF TITLE VII (42 U.S.C. § 2000e et seq.)
### Plaintiff Roger Solano v. Defendant Slippery Rock University

74. The preceding paragraphs are incorporated as if set forth at length herein.

75. Dr. Solano is Hispanic and of Venezuelan national origin and, as such, is a member of a class protected by Title IX.

76. Dr. Solano is qualified for his position at SRU.

77. Dr. Solano was subjected to a hostile work environment in the form of increased criticism and scrutiny.

78. The aforementioned hostile work environment constitutes an adverse employment

action.

79. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

80. Similarly situated SRU faculty members who were not Hispanic or of Venezuelan national origin were not subjected to similar adverse employment action.

81. Dr. Solano was subjected to adverse employment action on account of his race/national origin.

82. Dr. Solano seeks all remedies and damages permitted under Title VII, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

**COUNT II: DISCRIMINATION ON THE BASIS OF SEX/SEXUAL ORIENTATION
VIOLATION OF TITLE VII (42 U.S.C. § 2000e et seq.)
Plaintiff Roger Solano v. Defendant Slippery Rock University**

83. The preceding paragraphs are incorporated as if set forth at length herein.

84. Dr. Solano is a homosexual man and, as such, is a member of a class protected by Title VII.

85. Dr. Solano was qualified for his position at SRU.

86. Dr. Solano was subjected to a hostile work environment in the form of increased criticism and scrutiny.

87. The attacks on Dr. Solano were specifically homophobic in that he was accused of favoring young, male faculty for favorable assignments.

88. The aforementioned hostile work environment constitutes an adverse employment action.

89. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

90. Similarly situated female and/or non-homosexual faculty members at SRU were not subjected to similar adverse employment action.

91. Dr. Solano was subjected to adverse employment action on the basis of his sex and sexual orientation.

92. Dr. Solano seeks all remedies and damages permitted under Title VII, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

## COUNT III: RETALIATION
## VIOLATION OF TITLE VII (42 U.S.C. § 2000e et seq.)
## Plaintiff Roger Solano v. Defendant Slippery Rock University

93. The preceding paragraphs are incorporated as if set forth at length herein.

94. Dr. Solano engaged in actions protected by Title VII when he complained about Dr. Nichols's homophobic harassment to the SRU administration.

95. Dr. Solano's complaints led to him being subject to increased and more intense scrutiny.

96. The attacks on Dr. Solano were specifically homophobic in that he was accused of favoring young, male faculty for favorable assignments.

97. The aforementioned hostile work environment constitutes an adverse employment action.

98. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

99. Similarly situated faculty members at SRU were not subjected to similar adverse employment actions.

100. Dr. Solano was subjected to adverse employment action because he had complained of homophobic treatment on the part of Dr. Nichols.

101. Dr. Solano seeks all remedies and damages permitted under Title VII, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV: DISCRIMINATION ON THE BASIS OF SEX/SEXUAL ORIENTATION VIOLATION OF TITLE IX (20 U.S.C. § 1681 et seq.)
Plaintiff Roger Solano v. Defendant Slippery Rock University**

102. The preceding paragraphs are incorporated as if set forth at length herein.

103. Title IX prohibits educational institutions that receive funding from the federal government from engaging in discrimination on the basis of sex.

104. As a state-owned institution of post-secondary education SRU receives funding from the federal government.

105. Dr. Solano is a homosexual man and, as such, is a member of a class protected by Title VII.

106. Dr. Solano was qualified for his position at SRU.

107. Dr. Solano was subjected to a hostile work environment in the form of increased criticism and scrutiny.

108. The attacks on Dr. Solano were specifically homophobic in that he was accused of favoring young, male faculty for favorable assignments.

109. The aforementioned hostile work environment constitutes an adverse employment

action.

110. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

111. Similarly situated female and/or non-homosexual faculty members at SRU were not subjected to similar adverse employment action.

112. Dr. Solano was subjected to adverse employment action on the basis of his sex and sexual orientation.

113. Administrators at SRU were aware of the adverse and discriminatory treatment of Dr. Solano.

114. Dr. Solano seeks all remedies and damages permitted under Title IX, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

## COUNT V: RETALIATION
## VIOLATION OF TITLE IX (20 U.S.C. § 1681 et seq.)
## Plaintiff Roger Solano v. Defendant Slippery Rock University

115. The preceding paragraphs are incorporated as if set forth at length herein.

116. Title IX prohibits educational institutions that receive funding from the federal government from engaging in discrimination on the basis of sex.

117. As a state-owned institution of post-secondary education SRU receives funding from the federal government.

118. Dr. Solano engaged in actions protected by Title IX when he complained about Dr. Nichols's homophobic harassment to the SRU administration.

119. Dr. Solano's complaints led to him being subject to increased and more intense

scrutiny.

120. The attacks on Dr. Solano were specifically homophobic in that he was accused of favoring young, male faculty for favorable assignments.

121. The aforementioned hostile work environment constitutes an adverse employment action.

122. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

123. Similarly situated faculty members at SRU were not subjected to similar adverse employment actions.

124. Dr. Solano was subjected to adverse employment because he had complained of homophobic treatment on the part of Dr. Nichols.

125. SRU administrators were aware of the ongoing retaliation against Dr. Solano.

126. Dr. Solano seeks all remedies and damages permitted under Title IX, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

**COUNT VI: DISCRIMINATION ON THE BASIS OF DISABILITY
VIOLATION OF THE REHABILITATION ACT (29 U.S.C. § 794 et seq.)
Plaintiff Roger Solano v. Defendant Slippery Rock University**

127. The preceding paragraphs are incorporated as if set forth at length herein.

128. The Rehabilitation Act prohibits institutions that receive funding from the federal government from discriminating on the basis of disability.

129. As a state-owned institution of post-secondary education SRU receives funding from the federal government.

130. Dr. Solano suffers from, and has been treated for, severe depression.

131. Dr. Solano's depression loss has interferes with basic bodily functions–namely thinking–and constitutes a disability per the Rehabilitation Act.

132. Dr. Solano was qualified for his position at SRU.

133. Dr. Solano was subjected to a hostile work environment in the form of increased criticism and scrutiny.

134. The aforementioned hostile work environment constitutes an adverse employment action.

135. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

136. The adverse treatment of Dr. Solano has exacerbated his mental health problems.

137. Dr. Solano's worsening mental health problems have not been accommodated by SRU.

138. Similarly situated non-disabled faculty members at SRU were not subjected to similar adverse employment action.

139. Dr. Solano was subjected to adverse employment action on the basis of his sex and sexual orientation.

140. Dr. Solano seeks all remedies and damages permitted under the Rehabilitation Act, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

## COUNT VII: DISCRIMINATION ON THE BASIS OF DISABILITY
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. § 12101 et seq.)
### Plaintiff Roger Solano v. Defendant Slippery Rock University

141. The preceding paragraphs are incorporated as if set forth at length herein.

142. Dr. Solano suffers from, and has been treated for, severe depression.

143. Dr. Solano's depression loss has interferes with basic bodily functions–namely thinking–and constitutes disabilities per the Americans with Disabilities Act ("ADA").

144. Dr. Solano was qualified for his position at SRU.

145. Dr. Solano was subjected to a hostile work environment in the form of increased criticism and scrutiny.

146. The aforementioned hostile work environment constitutes an adverse employment action.

147. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

148. The adverse treatment of Dr. Solano has exacerbated his mental health problems.

149. Dr. Solano's worsening mental health problems have not been accommodated by SRU.

150. Similarly situated non-disabled faculty members at SRU were not subjected to similar adverse employment action.

151. Dr. Solano was subjected to adverse employment action on the basis of his sex and sexual orientation.

152. Dr. Solano seeks all remedies and damages permitted under the ADA, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages,

reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

### COUNT VIII: DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. § 962 et seq.)
### Plaintiff Roger Solano v. All Defendants

153. The preceding paragraphs are incorporated as if set forth at length herein.

154. Dr. Solano is Hispanic and of Venezuelan national origin and, as such, is a member of a class protected by the PHRA.

155. Dr. Solano is qualified for his position at SRU.

156. Dr. Solano was subjected to a hostile work environment in the form of increased criticism and scrutiny.

157. The aforementioned hostile work environment constitutes an adverse employment action.

158. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

159. Similarly situated SRU faculty members who were not Hispanic or of Venezuelan national origin were not subjected to similar adverse employment action.

160. Dr. Solano was subjected to adverse employment action on account of his race/national origin.

161. As a supervisory employee, Ms. McCoy aided and abetted the discriminatory actions against Mr. Solano.

162. Dr. Solano seeks all remedies and damages permitted under the PHRA, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages, reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

## COUNT IX: DISCRIMINATION ON THE BASIS OF SEX/SEXUAL ORIENTATION VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. § 962 et seq.)
### Plaintiff Roger Solano v. All Defendants

163. The preceding paragraphs are incorporated as if set forth at length herein.

164. Dr. Solano is a homosexual man and, as such, is a member of a class protected by Title VII.

165. Dr. Solano was qualified for his position at SRU.

166. Dr. Solano was subjected to a hostile work environment in the form of increased criticism and scrutiny.

167. The attacks on Dr. Solano were specifically homophobic in that he was accused of favoring young, male faculty for favorable assignments.

168. The aforementioned hostile work environment constitutes an adverse employment action.

169. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

170. Similarly situated female and/or non-homosexual faculty members at SRU were not subjected to similar adverse employment action.

171. Dr. Solano was subjected to adverse employment action on the basis of his sex and sexual orientation.

172. As a supervisory employee, Ms. McCoy aided and abetted the discriminatory actions against Mr. Solano.

173. Dr. Solano seeks all remedies and damages permitted under the PHRA, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages,

reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

## COUNT X: RETALIATION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. § 962 et seq..)
### Plaintiff Roger Solano v. All Defendants

174. The preceding paragraphs are incorporated as if set forth at length herein.

175. Dr. Solano engaged in actions protected by Title VII when he complained about Dr. Nichols's homophobic harassment to the SRU administration.

176. Dr. Solano's complaints led to him being subject to increased and more intense scrutiny.

177. The attacks on Dr. Solano were specifically homophobic in that he was accused of favoring young, male faculty for favorable assignments.

178. The aforementioned hostile work environment constitutes an adverse employment action.

179. Dr. Solano was further subjected to an adverse employment action when the election for Management Department Chair was nullified.

180. Similarly situated faculty members at SRU were not subjected to similar adverse employment actions.

181. Dr. Solano was subjected to adverse employment because he had complained of homophobic treatment on the part of Dr. Nichols.

182. As a supervisory employee, Ms. McCoy aided and abetted the discriminatory actions against Mr. Solano.

183. Dr. Solano seeks all remedies and damages permitted under the PHRA, including, but not limited to, back pay, front pay, emotional distress, medical harm, reputation harm damages,

reinstatement, attorney's fees, costs, and pre-judgment and post-judgment interest.

## COUNT XI: INTERFERENCE WITH CONTRACT
## VIOLATION OF PENNSYLVANIA COMMON LAW
### Plaintiff Roger Solano v. Defendant Holly McCoy

184. The preceding paragraphs are incorporated as if set forth at length herein.

185. In order to state a claim for interference with contract under Pennsylvania law, a plaintiff must plead that

   a) the existence of a contractual relationship between himself and a third party;

   b) purposeful action on the part of the defendant intended to harm that contractual relationship; and

   c) the absence of privilege or justification on behalf of the defendant.

186. An underlying contractual employment relationship exists between Dr. Solano and SRU.

187. Even though she was aware of the continual harassment of Dr. Solano, Ms. McCoy failed to protect him from further harassment.

188. To the contrary, Ms. McCoy served to facilitate the continued harassment of Dr. Solano.

189. Ms. McCoy's facilitation served as purposeful action intended to harm Dr. Solano's relationship with SRU.

190. Ms. McCoy's actions were neither privileged nor justified.

191. Dr. Solano seeks all damages available under Pennsylvania law for interference with contract.

Respectfully Submitted,

LIEBER HAMMER HUBER & PAUL, P.C.


s/James B. Lieber
James B. Lieber
Pa. I.D. No. 21748
Thomas M. Huber
Pa. I.D. No. 83053
Jacob M. Simon
Pa. I.D. No. 202610
1722 Murray Avenue, 2nd Floor
Pittsburgh, PA 15217
Counsel for Plaintiff
jlieber@lhhb-law.com
thuber@lhhb-law.com
jsimon@lhhb-law.com